**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONIKA KULIKOVA,

        Plaintiff - Appellant,

 v.

NEWREZ, LLC, doing business as
Shellpoint Mortgage Servicing; CALIBER
HOME LOANS, INC.; NATIONAL
DEFAULT SERVICING CORPORATION,

        Defendants - Appellees,

and

NATIONWIDE TITLE CLEARING,
LLC, GUARDIAN ASSET
MANAGEMENT, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., OLD REPUBLIC TITLE
INSURANCE GROUP, named as Old
Republic Title Company,

        Defendants,

----------------------------------------

DGG RE INVESTMENTS, LLC,

No. 25-1784

D.C. No. 3:24-cv-01864-MMC

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Interested Party.

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted July 29, 2026[**]

Before:     McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Monika Kulikova appeals pro se from the district court's judgment dismissing her action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), and wrongful foreclosure.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017).  We affirm.

The district court properly dismissed Kulikova's FDCPA claims because defendants are not debt collectors for purposes of the statutory sections Kulikova alleged they violated.  *See Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 477 (2019) ("[B]ut for [15 U.S.C.] § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act.").

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Kulikova's FCRA claims because Kulikova failed to allege facts sufficient to show that the information Shellpoint furnished to credit reporting agencies was inaccurate. *See Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) ("[T]o prevail on a FCRA claim against a furnisher, a consumer must make a prima facie showing that the furnisher's report was inaccurate.").

The district court properly dismissed Kulikova's wrongful foreclosure claim because Kulikova failed to allege facts sufficient to show that she "tendered the amount of the secured indebtedness or was excused from tendering." *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) (setting forth elements of wrongful foreclosure claim under California law) (italics omitted).

We reject as meritless Kulikova's contentions that the district court was required to hold a hearing and tampered with her exhibits.

We do not consider Kulikova's contentions regarding violations of the Racketeering Influenced and Corrupt Organizations ("RICO") Act, because Kulikova did not replead a RICO claim in her amended complaint. *See First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) (explaining that where the district court dismissed the claim with leave to amend and the party did not replead the claim in its amended complaint, the claim was abandoned).

We do not consider matters not specifically and distinctly raised and argued

3                                                                                    25-1784

in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**